IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Shelby Wells,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civ. No. JKB-23-01645 |
| **Dental Care Alliance, LLC,** | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM

Plaintiff Shelby Wells, proceeding pro se, has brought this action alleging employment discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, against her former employer, Defendant Dental Care Alliance, LLC.

Currently pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). The Motion is fully briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2023). For the reasons discussed below, the Court will deny the Motion, and construe Plaintiff's Response to the Motion to Dismiss as a motion for leave to amend her complaint to include the additional facts alleged therein. Defendant will be given 14 days to state whether it will waive service of the summons and to respond to the motion for leave to amend.

### I. Background

For the purposes of evaluating a motion to dismiss, the Court assumes the following facts alleged in Plaintiff's Complaint are true. *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) ("We accept as true all well-pleaded facts in a complaint and construe them in the light most favorable to the plaintiff.")

Plaintiff was temporarily laid off from her employment at Dental Care Alliance in Glen Burnie, Maryland at an unspecified date in 2020 because of the COVID-19 pandemic. (ECF No. 1-2 at 2.) On May 6, 2020, while she was still temporarily laid off, Plaintiff suffered a car accident causing her unspecified medical injuries. (*Id.*) The following day, May 7, a supervisor asked her to return to work. (*Id.*) Plaintiff informed her supervisor that she "was not physically well" because of the car accident. (*Id.*) She requested "a short amount of time off to seek medical treatment." (*Id.*) During this conversation, her supervisor said that they would grant her request. (*Id.*) Plaintiff then provided Defendant with her medical records. (*Id.*) On May 20, 2020, Plaintiff learned via text that she had actually been terminated on May 7, the day she had asked for time off for treatment. (*Id.*)

Plaintiff filed a charge complaining about her termination with the Equal Employment Opportunity Commission (EEOC) and received a right to sue letter on December 12, 2022. (*Id.* at 3.) She then filed a complaint in the Circuit Court for Baltimore County on March 10, 2023. (*Id.*)

On June 20, 2023, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1441, invoking this Court's federal question jurisdiction. (ECF No. 1 at 1–3.) On June 23, Defendant filed the instant Motion. (ECF No. 6.)

## II.  The 12(b)(5) Motion

Defendant moves to dismiss the complaint on the grounds of improper service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). (ECF No. 6-1.) "A motion to dismiss for insufficient service of process is permitted by Federal Rule 12(b)(5). Once service has been contested, the plaintiff bears the burden of establishing the validity of service." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006).

**A. Legal Standard**

When a case is removed from state to federal court, state—not federal—law determines whether pre-removal service was proper. *Trademark Remodeling, Inc. v. Rhines*, 853 F. Supp. 2d 532, 539 (D. Md. 2012); *see also* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1082 (2023). And while federal service requirements may be construed "liberally" when the defendant has actual notice of the lawsuit, *O'Meara*, 464 F. Supp. 2d at 476, Maryland law offers no such flexibility. Under Maryland law, courts lack personal jurisdiction over defendants that have been improperly served even when the defendants have actual notice of the lawsuit filed against them. *See Lohman v. Lohman*, 626 A.2d 384, 392 (Md. 1993); *Flanagan v. Dep't of Hum. Res.*, 989 A.2d 1139, 1143 (2010); *see also Trademark Remodeling*, 853 F. Supp. 2d at 541 (noting that "Maryland courts seem to take a strict, narrow approach to service" and that "there is nothing in Maryland law that suggests that the rules of service may be liberally construed") (quotation omitted).

Defendant is organized as a limited liability company (LLC). The Maryland rule for service of process on an LLC provides:

> *Limited Liability Company*. Service is made upon a limited liability company by serving its resident agent. If the limited liability company has no resident agent or if a good faith attempt to serve the resident agent has failed, service may be made upon any member or other person expressly or impliedly authorized to receive service of process.

Md. R. 2-124(h). The plaintiff may, inter alia, personally serve the papers on the LLC's resident agent, or send the papers to the resident agent by certified mail with a notation indicating restricted delivery. *Id.* 2-121(a).

Furthermore, Maryland Rule 2-113 provides that a summons is only effective if served within 60 days of its issuance. Md. R. 2-113.

**B. Analysis**

Here, Plaintiff attempted to effect service by certified mail, restricted delivery. (ECF No. 6-1 at 6.) The papers were addressed to "Dental Care Alliance, 6240 Lake Osprey Drive, Sarasota, Florida 34240." (*Id.*) Defendant does not dispute that this is its proper address for the receipt of service. Nevertheless, Defendant identifies two defects with Plaintiff's service attempt. For one, the papers "were merely addressed to 'Dental Care Alliance, LLC' and not directed to the attention of any specific individual." (*Id.*) Because Plaintiff failed to address the papers to the LLC's resident agent, Defendant argues, service was deficient under Rule 2-124(h). (*Id.*) Second, Defendant received the summons on May 19, 2023, 70 days after the summons was issued on March 10. Because Maryland Rule 2-113 provides that a summons is only effective if served within 60 days of issuance, Defendant argues, Plaintiff's service attempt was untimely.[1] (*Id.* at 7.)

The Court agrees with Defendant that service was deficient under the Maryland rules. Plaintiff failed to address the papers to Defendant's resident agent, and she has not advanced any argument that she tried but failed to serve the resident agent after a good faith effort. Nor has she rebutted Defendant's contention that service was untimely under Rule 2-113. *See Nolan v. Corizon Corr. Health Care*, No. C-01-CV-21-000255, 2022 WL 17369241, at *1 (Md. Ct. Spec. App. Dec. 2, 2022) (stating that the summons "had no effect" when served past the 60-day timeline). Had this case been commenced in federal court with its more liberal standards, the Court might very well overlook these technical oversights. But since Maryland law—including its strict approach to service of process—governs the validity of her service pre-removal, the Court is compelled to

---

[1] In its Reply brief, Defendant further argues that Plaintiff abandoned her position that service was proper by failing to adequately address Defendant's arguments on the service of process question in her Response. (ECF No. 11 at 2.) But Plaintiff's Response *did* address Defendant's arguments on service of process, if only briefly, and argue that service was proper. (ECF No. 10 at 3.) Accordingly, the Court finds that Plaintiff did not abandon her argument on the matter.

4

conclude that service was invalid. *See Peck v. Leidos*, Civ. No. GJH-22-92, 2022 WL 3043414 (D. Md. Aug. 1, 2022) (reaching the same conclusion on closely analogous facts).

## C. The Proper Remedy

Defendant asks this Court to dismiss the Complaint for improper service. But "[w]hen a case is removed to federal court from a state court and service is found to have been improper, the remedy . . . is not dismissal." *Acosta v. A & G Mgmt. Co.,* Civ. No. WMN-14-515, 2014 WL 1236918, at *1 (D. Md. Mar. 25, 2014). This is because the removal statute provides that:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, *such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.*

28 U.S.C. § 1448 (emphasis added). The Fourth Circuit has interpreted this provision to mean that "[w]hen a case is removed to federal court, a plaintiff may be afforded additional time to complete service or to obtain issuance of new process" if the pre-removal service was defective. *Rice v. Alpha Sec., Inc.*, 556 F. App'x. 257, 260 (4th Cir. 2014).

Here, Defendant had actual notice of Plaintiff's claim, and does not argue that it has been prejudiced in any way by Plaintiff's technical violations of the Maryland Rules. Thus, instead of dismissing the case, the Court will give Plaintiff time to re-serve Defendant in accordance with Federal Rule of Civil Procedure 4. *See Brazell v. Green*, 67 F.3d 293 (Table), 1995 WL 572890, at *1 (4th Cir. Sept. 29, 1995) (holding that plaintiff should be given time to re-serve defendant when pre-removal service was defective, because "the defendants had notice of the suit and do not claim to have been prejudiced by [plaintiff's] failure to serve them").

Rule 4(m)'s 90-day window to complete service started running from the date of removal. *Eccles v. Nat'l Semiconductor Corp.,* 10 F. Supp. 2d 514, 519 (D. Md. 1998) (interpreting prior

version of Rule 4(m) that provided for a 120-day window); 3 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (2023). Defendant filed its Notice of Removal on June 20, 2023 (ECF No. 1), so that window closed on September 18, 2023. But under Rule 4(m), a district court has "discretion . . . to extend the time period for service even when good cause has not been shown." *Gelin v. Shuman*, 35 F.4th 212, 214 (4th Cir. 2022). Given Plaintiff's pro se status and the technical nature of the service defects, the Court finds that an extension of time is warranted. Thus, the Court will first seek Defendant's position on whether it will waive service.[2] If Defendant declines to waive service, Plaintiff will be given additional time to properly effectuate service of process in accordance with the Federal Rules.

## III.   Motion to Dismiss under 12(b)(6)

The Court must first determine what allegations are properly before it before determining whether the Complaint states a legally sufficient claim. Plaintiff's Complaint is a terse document with sparse factual allegations. (*See* ECF No. 1-2 at 2–3.) After Defendant moved to dismiss, however, Plaintiff's Response included an Affidavit describing the circumstances surrounding her termination in considerably greater detail. (*See generally* ECF No. 10.) Defendant argues that in deciding on its Motion to Dismiss, the Court "should disregard Plaintiff's newly alleged facts set forth in Plaintiff's Opposition and corresponding exhibits." (ECF No. 11 at 2.)

As Defendant correctly observes, "[i]t is well-established that parties cannot amend their complaints through briefing." *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). The Fourth Circuit has held that a district court, in evaluating a motion to dismiss, cannot consider papers outside of the complaint unless it

---

[2] The Court reminds Defendant of its duty to avoid unnecessary expenses associated with serving the summons. *See* Fed. R. Civ. P. 4(d)(1).

converts that motion into one for summary judgment. *E. I. du Pont de Nemours & Co. v. Kolon Inds.*, 637 F.3d 435, 448 (4th Cir. 2011).

However, there is a more pragmatic alternative available. Instead of ruling on the merits of the motion to dismiss under Rule 12(b)(6), the Court will construe Plaintiff's Response as a motion for leave to amend the complaint to include the facts alleged therein. *See Smith v. Blackledge*, 451 F.2d 1201, 1202 (4th Cir. 1971) (stating that a document, filed by a pro se plaintiff, denominated as one to "Further Particularize" allegations in a complaint should not have been treated as a response to the defendants' motion to dismiss but instead "should have been considered an amendment to the complaint"); *Gough v. Bankers Life & Cas. Co.*, Civ. No. PJM 17-2341, 2019 WL 585715, at *3 (D. Md. Feb. 12, 2019), *aff'd*, 781 F. App'x 251 (4th Cir. 2019) (stating that a pro se plaintiff's brief alleging new facts in response to a motion to dismiss was "tantamount to an amendment of the complaint" and treating it as such); *Davis v. Bacigalupi*, 711 F. Supp. 2d 609, 615 (E.D. Va. 2010) (construing newly alleged facts in a pro se plaintiff's response memorandum to constitute an amendment to the complaint).[3]

In deciding to construe the Response as a motion for leave to amend, the Court is moved by considerations of judicial economy. The Supreme Court has long recognized that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Construing

---

[3] The Fourth Circuit has recently stated, in an unpublished opinion, that "no litigant is exempt from the well-established rule 'that parties cannot amend their complaints through briefing or oral advocacy.'" *Henderson v. City of Roanoke*, 2022 WL 704351, at *3 (4th Cir. 2022) (per curiam) (quoting *S. Walk at Broadlands*, 713 F.3d at 184)). However, the statement in *Henderson* was made in the context of an appellant—represented by counsel—arguing for the first time on appeal that the defendant violated a constitutional right, although the complaint referred solely to a violation of a statutory right. *Id.* Here, Plaintiff is pro se and has advanced no new legal argument, only more detailed factual allegations. Given the significant factual and procedural distinctions between that case and the case at bar, the Court will not read the language in *Henderson* so broadly as to constitute a de facto overruling of *Smith v. Blackledge*.

the Response as a motion for leave to amend will best conserve judicial economy and ensure that this case progresses toward an orderly resolution. By contrast, dismissing the original complaint and directing Plaintiff to file an amended complaint to incorporate facts that are already before the Court would be an exercise in pointless formality. This process would be needlessly taxing on the resources of the parties and the Court, and would be inconsistent with the Court's duty to administer the rules of procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Plaintiff's pro se status reinforces the Court's conclusion that construing the Response as a motion for leave to amend is the most suitable approach. The pleadings of pro se litigants "represent the work of an untutored hand requiring special judicial solicitude," and for that reason those "with meritorious claims should not be tripped up in court on technical niceties." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985). To be sure, this special solicitude must be balanced against the proposition that the Court cannot depart from its "legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Nor may the Court "overlook[] the pleading requirements under the Federal Rules of Civil Procedure" simply because the plaintiff is pro se. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But construing the Response as a motion for leave to amend will not involve the Court making Plaintiff's arguments for her; rather, it will enable the Court to consider the arguments she has already made.

Here, Defendant filed its Motion to Dismiss on June 23, 2023 (ECF No. 6), and Plaintiff filed her Response on July 24, 2023 (ECF No. 10), 31 days later. Thus, the 21-day window for amending her complaint as of right had already expired. *See* Fed. R. Civ. P. 15(a)(1). Therefore, the Court must instead apply the Rule 15(a)(2) standard, under which the Court "should freely give

8

leave" to Plaintiff to amend if "justice so requires." *Id.* 15(a)(2). Leave to amend should be denied only when (1) the opposing party would be prejudiced, (2) the amendment is sought in bad faith, or (3) amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The Court observes that evidence of prejudice, bad faith, or futility is not readily apparent on the record. However, fairness dictates that Defendant be given an opportunity to respond before the Court decides whether to grant leave to amend. Accordingly, Defendant will be given 14 days to oppose granting Plaintiff leave to amend if it so chooses.

Finally, because the Court is construing the Response as a motion for leave to amend the complaint to incorporate the facts alleged therein, Defendant's Motion to Dismiss under rule 12(b)(6) (which is directed at the original complaint) is rendered moot. *See Howard v. Ocwen Loan Servicing, Inc.*, Civ. No. RDB-18-3296, 2019 WL 4750333, at *2 (D. Md. Sept. 30, 2019) ("The filing of an Amended Complaint typically renders moot pending motions to dismiss the original complaint."); 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (2023) (explaining that after the complaint has been amended, any motion against the complaint "should be directed at the amended pleading" unless the same defects that were present in the initial complaint are also present in the amended complaint). Accordingly, the Motion will be denied without prejudice to Defendant's bringing such a motion anew after disposition of the motion for leave to amend.

## IV.    Conclusion

For the reasons discussed above, Defendant's Motion to Dismiss under Rule 12(b)(5) for improper service of process (ECF No. 6) will be denied, and Defendant will be given 14 days to state its position on whether it will waive service. If Defendant declines to waive service, Plaintiff will be given additional time to serve Defendant in accordance with the Federal Rules.

Defendant's Motion to Dismiss under Rule 12(b)(6) (ECF No. 6) for failure to state a claim will be denied as moot, because Plaintiff's Response to the Motion to Dismiss (ECF No. 10) will be construed as a motion for leave to amend the complaint to include the facts newly alleged therein. Defendant will be directed to file any opposition to the motion for leave to amend within 14 days, and Plaintiff will be given 14 days after any opposition to submit a reply.

A separate Order follows.

DATED this 13 day of November, 2023.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge